# Commonwealth ex rel., Appellant, *v.* Horan (No. 1).

*Principal and surety—Bond to commonwealth—Public officers—Judgment.*

1. The right of a party to take advantage of the security afforded by an official bond given to the commonwealth and the manner of procedure with respect thereto are prescribed by the Act of June 14, 1836, P. L. 637. A remedy is thereby given to any person for whose security the bond was executed. Only one action can be brought and that in the name of the commonwealth at the suggestion of the person or persons in whose behalf the proceeding is commenced. As many persons as have separate rights of action may join in the action. Judgment against the defendants is in favor of the commonwealth for the amount of the bond, and for the plaintiff in the issue for the amount of damages assessed with costs. The judgment of the commonwealth remains for the satisfaction of all persons entitled to the benefit of the bond. After judgment for the commonwealth the remedy of a creditor is by scire facias and the assignment of breaches.

2. Where a school district enters a judgment on a bond of a tax col-

lector in the name of the commonwealth, and subsequently revives the same, and thereafter a vendee of a surety on the bond who had paid the county money due by the collector to the county, secures an order of court subrogating herself to the rights of the county but to the term and number to the sci. fa. in favor of the school district, without the county ever having begun an action, the court may thereafter amend the order by striking out therefrom the judgment in favor of the school district. In such a case the rights of the intervenor are in no way affected by the order, inasmuch as she has her judgment and lien as of the date when it was entered.

Argued Dec. 9, 1908.    Appeal, No. 63, Oct. T., 1908, by plaintiff, from order of C. P. Schuylkill Co., May T., 1900, No. 294, modifying an order of subrogation in case of Commonwealth ex rel. Schuylkill County, to use of Ellen Buckley, v. Thomas Horan et al.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Rule to modify order of subrogation.

In addition to the facts stated in the opinion of the Superior Court the following orders of the court below appeared in the record:

" And now, September 16, 1907, the foregoing petition, affidavit and certificate being read in open court, on motion of Edward J. Maginnis, attorney for Ellen A. Buckley, it is ordered and directed that damages be assessed on the bond and judgment entered to No. 421, May Term, 1900, revived to No. 265, May Term, 1905, and No. 280, July Term, 1906, in the sum of $608.71, with interest thereon from November 1, 1905, in the name of the Commonwealth of Pennsylvania ex rel. the County of Schuylkill, and that the said Ellen A. Buckley be subrogated on the record to the rights of the county of Schuylkill in the said bond and liquidated judgment without prejudice to the rights or equities of the other sureties or terre-tenants.    By the Court," by making the following decree (entered to No. 421, May Term, 1900):

" And now, September 23, 1907, on motion of M. A. Kilker and George M. Roads, attorneys for the school district of the borough of Girardville, the court hereby grants a rule upon

Ellen A. Buckley, the petitioner in a certain petition dated September 14, 1907, and filed of record in said case on September 16, 1907, to show cause why the order of this court dated September 16, 1907, ordering and directing that damages be assessed on the bond and judgment entered to No. 421, May Term, 1900, revived to No. 265, May Term, 1905, and No. 280, July Term, 1906, in the sum of § 608.70, and that the said Ellen A. Buckley be subrogated on the record to the rights of the county of Schuylkill in said bond and liquidated judgment without prejudice to the rights and equities of the. other sureties or terre-tenants, should not be modified by striking out from the said order the judgment of the school district of the borough of Girardville against Thomas Horan et al., and numbered respectively 265, May Term, 1905, and 280, July Term, 1906.

" Returnable, Monday, September 30, 1907.   By the Court.

" October 15, 1907.   Exceptions to rule granted September 23, 1907, filed.

" And now, September 30, 1907, it is directed that the within exceptions be filed.   By the Court.

" Now, October 28, 1907, reserving the right to file a written opinion if it becomes necessary the rule is made absolute and the order of subrogation is modified as prayed for in said rule."

*Error assigned* was the order of the court modifying the order of subrogation.

*Edward J. Maginnis*, with him *Wm. Wilhelm*, for appellant.

*M. A. Kilker* and *Geo. M. Roads*, for appellee.

OPINION BY HENDERSON, J., July 14, 1909:

The right of a party to take advantage of the security afforded by an official bond given to the commonwealth and the manner of procedure with respect thereto are prescribed by the Act of June 14, 1836, P. L. 637.   A remedy is thereby given to any person for whose security the bond was executed.   Only one action can be brought and that in the name of the commonwealth at the suggestion of the person or persons in whose behalf the proceeding is commenced.   As many persons as have separate

rights of action may join in the action. Judgment against the defendants is in favor of the commonwealth for the amount of the bond, and for the plaintiff in the issue, for the amount of damages assessed with costs. The judgment of the commonwealth remains for the satisfaction of all persons entitled to the benefit of the bond. After judgment for the commonwealth the remedy of a creditor is by scire facias and the assignment of breaches. The school district of the borough of Girardville finding the collector of taxes in default caused judgments to be entered on his official bonds for the years, 1896, 1897, 1898, and 1899, and liquidated the amounts due from the collector for the respective years. These judgments were entered April 9, 1900. Writs of scire facias were issued on the four judgments to May Term, 1905, and writs of alias scire facias on three of the judgments to July Term, 1906, and judgment was liquidated in favor of the school district in each case. The præcipes for the writs of scire facias followed the original judgment and were in the name of the commonwealth at the suggestion of the school district. In 1907, the appellant who had in the meantime become the owner of a piece of land belonging to one of the sureties of the collector and subject to the lien of these judgments presented petitions to the court of common pleas in each of the above-recited cases setting forth that as terre-tenant she had paid to the county commissioners certain sums of money due by the said collector to the county, and praying for an order subrogating her to the rights of the county in the said judgments. No action had been brought by the county on the collector's bonds, but the court made an order on September 16, 1907, assessing damages for the county of Schuylkill in each of the cases and subrogating the appellant on the record to the rights of the county. In each of these orders the number and term of the original judgment are recited as are also the number and term of the writs of scire facias issued thereon in favor of the school district. On October 28, 1907, pursuant to a rule theretofore granted, the court amended the order of subrogation by striking out therefrom the judgment of the school district in each case and it is from that action that the appeals were taken. We are unable to see that the appellant was prejudiced by this

action or that any advantage could accrue to her because of the state of the record as it existed before the amendment. Conceding that the judgments set up by her are a valid liquidation of the claim of the county for her use they were entirely distinct and separate from the judgments of the school district. The eighth paragraph of sec. 6 of the act of 1836, provides that final judgment on the bond shall be for the commonwealth and for the plaintiff in the issue for the amount of damages and costs, and in paragraph 10, that the judgment for the plaintiff shall be a lien upon the real estate of the defendants to the amount thereof and that the plaintiff may have execution thereof or a writ of scire facias as in other actions in like manner as may be had in the case of judgments in other personal actions. The judgment for the commonwealth is not a lien upon the real estate of the defendants unless the commonwealth shall have commenced the action. The only lien which the appellant secured was by the entry of the judgment in her favor. The writs of scire facias issued were pursuant to the authority given in the tenth paragraph of sec. 6 of the act and had the effect to revive the liquidated judgments of the school district. They had no effect on the claims of creditors who had not brought action. It is probable that no prejudice would have resulted to the school district if the amended order had not been made, for its judgments as to time of entry and amount were matters of record. But confusion was likely to exist by reason of the entry of judgments in favor of the appellant in the identical cases in which the school district had obtained judgment. There was propriety, therefore, in correcting the order. So far as this proceeding is concerned the appellant has her judgment and lien as of the date when it was entered. Her rights are in no way affected by the order complained of.

The decree is affirmed.