# Commonwealth ex rel. *v.* Horan.

*Principal and surety—Bond of commonwealth—Tax collector's bond—Judgment—Subrogation—Receipt to sheriff—Reference to auditor—Act of April 20, 1846, P. L. 411.*

1. Where a school district enters a judgment on a bond of a tax collector in the name of the commonwealth, and thereafter a vendee of a surety on the bond who had paid the county money due by the collector to the county, secures an order of court subrogating herself to the rights of the county, although the county had commenced no action, the court may subsequently strike off the order of subrogation in so far as it affected the school district, and the vendee is not entitled as a lien creditor either to tender her receipt to the sheriff for a part of the purchase money, or to have the matter referred to an auditor as provided by the Act of April 20, 1846, P. L. 411.

2. Subrogation is an equitable remedy and its application is regulated for the advancement of justice; but it is not available to overcome a greater equity, or one equal only to that of the party seeking to be subrogated.

Argued Dec. 6, 1910.  Appeal, No. 289, Oct. T., 1909, by Ellen Buckley, terre-tenant, from order of C. P. Schuylkill Co., July T., 1906, No. 280, sustaining exceptions to sheriff's special return in case of Commonwealth ex rel. School District of Girardville Borough v. Thomas Horan et al.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Rule to set aside execution.
Exceptions to sheriff's return.

SHAY, P. J., filed the following opinion:

We delayed the decision on the above rule and exceptions, pending the decision of the Superior Court in Com. v. Horan, 39 Pa. Superior Ct. 575.  After that decision was rendered other and important matters so pressed upon us that we were unable to take up the disposition of the above rules until now.

We prefer to be very brief.  Ellen Buckley purchased a

property from Michael Horan, in 1906, who was one of the sureties on the bond of Thomas Horan, tax collector for the borough of Girardville. Various phases of this controversy have already been disposed of and finally the school district issued a vend. ex. levied upon the property of the said Michael Horan with notice to Ellen Buckley, terre-tenant.

She had paid to the county of Schuylkill the amount due them and was subrogated to their rights, and had herself subrogated by order of court on the judgment of the school district, which we afterwards, on rule, struck off, and which action was subject of appeal, supra.

The county of Schuylkill had never up to time of sale, and, so far as we know, to the present time, reduced their claim to judgment, so Mrs. Buckley was never a lien creditor.

. The rule to set aside the vend. ex. entered by her as above is, briefly stated, that the judgment of revival was irregular and void. Without citing authorities, we say a judgment cannot be attached in a collateral proceeding, nor by one not a party to the judgment.

Also, after sale and signing the conditions, payment of money, etc., she is now too late: McQuillan v. Hunter, 1 Phila. 49; Bailey v. Wagoner, 17 S. & R. 327; Chillas v. Snyder, 1 Phila. 289; Pennsylvania Co. v. Scott, 1 W. N. C. 232.

[Second: The exceptions to the sheriff's special return are, briefly, that the sheriff accepted the receipt of the said Ellen Buckley as a lien creditor for a part of the purchase money, and that the said Ellen Buckley had no lien. This is true, since we struck off the order of subrogation as we above said, and, in consequence, the exceptions must be sustained.] [2]

[Now, November 8, 1909, the rule of the purchaser at the sheriff's sale is set aside, the vend. ex. is discharged, the exceptions to the sheriff's special return are sustained and the sheriff is directed to make his regular return according to law.] [3]

**610** COMMONWEALTH *v.* HORAN.

Opinion of Court below—Opinion of the Court. [45 Pa. Superior Ct.

*Errors assigned* were (1–3) portions of opinion as above, quoting them, and (2) the court erred in not appointing an auditor to make a report, distributing the proceeds of such sale, and to determine whether the purchaser was entitled as a lien creditor to tender her receipt for the amount which, as appeared from the record, she was entitled to receive from the proceeds of sale.

*William Wilhelm,* for appellant.

*George M. Roads,* with him *M. A. Kilker,* for appellee.

OPINION BY HENDERSON, J., March 3, 1911:

It was decided in Com. v. Horan, Buckley's Appeal, 39 Pa. Superior Ct. 575, that the present appellant was not entitled to be subrogated to the rights of the county of Schuylkill in the judgments obtained by the school district of the borough of Girardville v. Horan et al., which judgments had been obtained on the penal judgment entered in the name of the Commonwealth against Horan, tax collector, and his sureties. It is not necessary to restate the facts which were involved in that case as they are fully set forth in the report of the case. It was this aspect of the record to which the court below undoubtedly referred in saying that "Mrs. Buckley was never a lien creditor." The matter of the assignment to her of judgment No. 282, July Term, 1906, by the school district was not then involved nor under consideration. It follows that the appellant had no standing to assert a prior lien on the proceeds of the sheriff's sale by reason of the claim of the county assigned to her. It is equally true that as to the judgment above recited she was not entitled to receive any part of the proceeds of the sale for she had already paid that judgment as appears from her petition dated December 31, 1906, on which a rule for subrogation was obtained. As between the school district and herself the judgment was paid and she was not entitled to divide with the district the fund made by it

on its other executions against the same defendants. Subrogation is an equitable remedy and its application is regulated for the advancement of justice. But it is not available to overcome a greater equity or one equal only to that of the party seeking to be subrogated. It was in the power of the court, therefore, in granting the rule and decreeing the subrogation to limit the effect of the decree conformably to the suggestions of equity and justice. The only object of the subrogation was to keep alive the judgment for the purpose of demanding contribution from the codefendants of Horan from whom the appellant had acquired title and the rule for subrogation limits its object to that effect.

It is asserted, however, that the question should have been determined by a reference of the case to an auditor in accordance with the provisions of the Act of April 20, 1846, P. L. 411, and this would be true if the appellant had been a lien creditor. The first section of that act provides that whenever the purchaser of real estate at orphans' court or sheriff's sale shall appear from the proper record to be entitled as a lien creditor to receive the whole or any portion of the proceeds of the sale it shall be the duty of the sheriff, administrator, executor or other person making such sale to receive the receipt of such purchaser or purchasers for the amount which he or they would appear from the record to be entitled to receive. The appellant's difficulty with reference to this branch of the case is that it did not appear from the record that she was entitled as a lien creditor. On the contrary the record showed that the judgment, which she claims is entitled to participate with the judgments of the school district, had been paid in full by her and was eliminated from the case so far as the distribution of the proceeds of the sale was concerned. Having paid this debt she had nothing left on which to claim against the land sold by the execution of the appellee. It is only where the purchaser appears from the proper record to be entitled to receive the whole or a part of the fund as a lien creditor that the act applies.

The sheriff's return was evidently made on a misapprehension of the facts and when the matter was properly brought to the attention of the court this mistake was corrected. The point is made in the argument of the learned counsel for the appellant that Mrs. Buckley as terre-tenant was not notified by scire facias of the revival of the judgments of the school district and that therefore her land was freed from the liens. But that question does not arise in this case. We are considering a question of distribution not of title to real estate. The whole case is based on the fact that a fund has been raised by a sale of land of one or more of the defendants in the execution, and the question before the court below was whether the appellant appeared from the record to be a prior lien creditor and therefore entitled to give a lien creditor's receipt to the sheriff. If her property was not subject to the lien of the judgments by reason of the failure to bring her in as a terre-tenant when the judgments were revived she must assert whatever rights she may have in some other proceeding.

The decree is affirmed.